Henry Epstein, J.
Writ of habeas corpus dismissed. Delator was convicted of the felonies March 22,1949 and sentenced to a term of two and one-half to five years. On appeal only one of the convictions was reversed. Pending the said appeal and while relator was on bail he was indicted for the crimes of grand larceny and criminally receiving stolen property. Indicted June 2, 1950 of this second offense, he pleaded guilty to grand larceny on January 23, 1951. Information charging the prior felony conviction was filed in Court of General Sessions, January 30, 1951. On February 20, 1951 relator was sentenced to a term of two and one-half to five years, a second offender, under section 1941 of the Penal Law. On this last sentence the court did not indicate whether the sentences for these separate offenses were to run concurrently or consecutively. Delator was received in prison February 26, 1951 and paroled December 7, 1955. He has been arrested (July 26, 1957) for assault and is now committed and awaiting trial. The division of parole has filed a warrant for relator as a parole violator.
Delator contends the sentences were to run concurrently on his two prior convictions because not otherwise provided in the sentence on the second conviction. Despondent argues that habeas corpus is not the proper remedy and further that the statutory provision is conclusive against relator.
Subdivision 2 of section 2190 of the Penal Law reads: “ 2. Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced.” The facts herein are in every detail *615 those expressly so provided for. The statute is clear and unequivocal. The terms were necessarily consecutive. Otherwise the statute would he rendered meaningless. Writ is dismissed.